THOMAS O'DAY vs. LOUIS VANSANT.

LAW.  No. 22,969.

{ Decided March 31, 1884.
{ The CHIEF JUSTICE and Justices Cox and JAMES sitting.

At a sale of real estate, made by trustees in foreclosure of a trust given to secure the payment of a debt, the party bidding did not know the metes and bounds of the property sold; but it was *held*, that he was bound by his bid and could not refuse to accept the property; and therefore if less was conveyed to him than was sold, he was entitled to a conveyance of the remainder, even though he had been conveyed all that he supposed he was bidding for; and that this latter conveyance may be by a second deed conveying only the part not conveyed by the first.

THE CASE is stated in the opinion.

FRED. W. JONES for plaintiff.

HUGH T. TAGGART and R. P. JACKSON for defendant.

Mr. Justice Cox delivered the opinion of the court.

The case of Thomas O'Day against Louis Vansant was an action of ejectment which has come to us on exceptions taken to the instructions of the court below.   There is only one question in the case, and that may be disposed of briefly, and it is not necessary to refer to more than one of the title deeds which were resorted to in making out the chain of title.

The suit is brought for a portion of lot numbered thirteen in square thirty-seven, which is described in the records as fronting on the south side of M street north.   There were several subdivisions running back between parallel lines, of width mentioned, to the rear of the lot, with this exception, that the westernmost of these subdivisions did not extend as far south as the others, and in order to give it access to an alley in the rear of the lot, a portion of the middle subdivision, near its southern end, was cut off and attached to it.   So that it was irregular in shape, fronting seventeen feet on one street, and running south a certain distance, and then east twelve feet into the midst of the middle subdivision, and then south to an alley, etc.

Elizabeth Leonard, by deed dated February 16th, 1877, con-

veyed the westernmost portion or subdivision aforesaid, according to this description of an irregular shape, to Cassin and Gordon, as trustees to secure the payment of a debt. They afterwards advertised the property precisely as it was described in the deed, and made sale of it on the 11th of March, 1880. This plaintiff, Thomas O'Day, became the purchaser at that sale. O'Day was of the impression that he was buying less than the amount offered at the sale. He thought that he was purchasing only a lot seventeen feet in width, and running back, of one uniform width, seventy-five feet, and he caused the deed to be prepared by his own attorney, which only embraced that much land. Some time afterwards, he discovered that the advertisement embraced this additional strip before mentioned, and he applied to the trustees and received from them a deed for that additional strip, and he brings this suit to recover it.

At the trial below, the defendant by his counsel asked the court to instruct the jury that:

"If the jury find from the evidence that the plaintiff, O'Day, supposed that the trustees were selling, and bid at the sale the sum of $960 for a portion only of the land covered by the deed of trust to Cassin and Gordon, fronting seventeen feet on M street by a depth of seventy-five feet, that upon payment of said sum by him he tendered to the said trustees for execution a deed conveying to him, the said O'Day, the said seventeen feet by seventy-five feet, and that the said trustees executed and delivered to him, the said plaintiff, the said deed, and that the said O'Day accepted the same, thereupon entered into possession of the said seventeen feet by seventy-five feet, and has ever since held possession of the same; and if they further find that the said sum of nine hundred and fifty dollars was more than sufficient, and did in fact pay and satisfy the debt to the said building association, and all costs and charges incident to the sale, then their verdict must be for the defendant."

In other words, the instruction asked was, that if he thought he was buying only part of the ground that was actually offered for sale, he was not entitled to apply for

a deed afterwards on which he might claim to recover the rest.

We do not understand that to be the law. Certain property was offered for sale; whether the party attending the sale knew the metes and bounds or not, he was bound by his bid at that sale and could not refuse to accept the property, and is certainly entitled to the whole amount sold, and when he discovered the mistake in his first deed he had a right to apply to the trustees and receive a second deed. The instruction was therefore rightly refused.

Then the court went on and instructed the jury that if they should find from the whole evidence that the trustees advertised the whole of the property for sale, it was competent for them to convey by the two deeds; in other words, simply saying that if the trustees sold the whole property, and made a deed for only a part, they were authorized to make a deed for the balance afterwards. We do not see any objection to that instruction.

These are the only two instructions that were the subject of exceptions. The jury found for the plaintiff, and the judgment below is affirmed.